**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

TROY M. WILLIAMS,                    :
                                                        Civil Action No. 09-1744 (NLH)
                 Petitioner,     :

          v.                     :    **OPINION**

UNITED STATES OF AMERICA,         :

                 Respondent.     :


**APPEARANCES:**

Petitioner pro se
Troy M. Williams
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**HILLMAN**, District Judge

     Petitioner Troy M. Williams, a prisoner currently confined

at the Federal Correctional Institution at Fort Dix, New Jersey,

has submitted a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

_____

     [1] Section 2241 provides in relevant part:

     (a) Writs of habeas corpus may be granted by the
     Supreme Court, any justice thereof, the district courts
     and any circuit judge within their respective
     jurisdictions.
     (c) The writ of habeas corpus shall not extend to a
     prisoner unless-- ... (3) He is in custody in violation
     of the Constitution or laws or treaties of the United
     States ... .

pursuant to 28 U.S.C. § 1915(a).  The sole respondent is the United States of America.[2]

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.

Because it appears from a review of the Petition that Petitioner Williams is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner was convicted, pursuant to a bench trial in the United States District Court for the Southern District of West Virginia, of conspiracy to distribute, and distribution of, a controlled substance, cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced on February 5, 2003, to a term of imprisonment of 210 months.  See United States v. Williams, Criminal No. 02-0110 (S.D.W.Va.).[3]  Petitioner's sentence was affirmed on appeal.  See United States v. Williams,

---

[2] The United States of America is not a proper respondent in this Petition, which should be directed at Petitioner's immediate custodian.  Because the Petition must be dismissed on other grounds, however, this Court will not require Petitioner to go through the empty exercise of correcting the deficiency as to the respondent.

[3] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

No. 03-4188 (4th Cir. December 15, 2003).  The Mandate of the
Fourth Circuit issued on February 9, 2004, following denial of
Petitioner's request for re-hearing en banc.

On December 10, 2004, Petitioner filed in the trial court a
motion to vacate, set aside, or correct sentence, pursuant to 28
U.S.C. § 2255.  Petitioner asserted that he had been denied
effective assistance of trial counsel and appellate counsel.  See
Williams v. United States, Civil No. 04-1292 (S.D.W.Va.).  The
trial court entered its opinion and order denying the § 2255
motion on January 6, 2006.  On August 29, 2006, the Court of
Appeals for the Fourth Circuit issued its opinion and order
denying a certificate of appealability.  See United States v.
Williams, No. 06-6226 (4th Cir.).  The mandate issued on November
17, 2006.

On February 8, 2008, Petitioner moved in the trial court for
retroactive application of sentencing guidelines regarding crack
cocaine offenses.  On July 14, 2008, the trial court denied the
motion.  On February 24, 2009, the Court of Appeals affirmed the
district court.  See United States v. Williams, No. 08-7606 (4th
Cir.).

Meanwhile, on July 29, 2008, the Court of Appeals for the
Fourth Circuit denied Petitioner's application for an order
authorizing the district court to consider a second or successive

application for relief under § 2255.  See In re Troy M. Williams, No. 08-0220 (4th Cir.).

On April 13, 2009, this Court received this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Here, Petitioner asserts various grounds fo relief, including unlawful search, perjury before the grand jury, prosecutorial misconduct, judicial bias, insufficiency of the evidence, a Booker[4] violation with respect to determination of drug quantity at sentencing. Petitioner concedes that most, if not all, of these claims were previously presented in his various appeals and post-judgment challenges to his conviction and sentence.[5]

---

[4] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

[5] It is apparent from the Petition that none of these claims is based upon newly-discovered evidence.  The factual grounds for all of these claims were known to Petitioner at the time of his trial and/or direct appeal.

To the extent Petitioner contends that the grounds for the Booker claim were not known to him until the Booker decision was announced in 2005, the rule announced in Booker and its

4

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

---

predecessor cases does not apply retroactively to cases on collateral review.  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same); United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).

F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

### III.  <u>ANALYSIS</u>

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  <u>See also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under

§ 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  <u>See</u> 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  <u>See</u> 28 U.S.C. § 2255(e).  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

The claims presented here are quintessential § 2255 claims challenging Petitioner's conviction and sentence.  Petitioner has not established, nor even alleged, that § 2255 is inadequate or ineffective to test the legality of his detention.  Indeed, most of the claims raised here were raised in Petitioner's previous appeals and post-judgment proceedings.  This Court lacks

jurisdiction under § 2241 to hear Petitioner's claims.  Instead, this Petition must be construed as a second or successive § 2255 motion, over which this Court also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already raised, or could have raised, the claims presented here, and because the Court of Appeals for the Fourth Circuit has already denied Petitioner leave to file a second or successive § 2255 motion, it does not appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Fourth Circuit.  The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


At Camden, New Jersey       <u>/s/ NOEL L. HILLMAN</u>
                                             Noel L. Hillman
                                             United States District Judge

Dated: July 6, 2009